## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| Peter A. Nathan, | ) | Case No. 01 B 41268 |
| | ) | |
| Debtor. | ) | |
| | ) | Honorable John D. Schwartz |
| ——————————————— | ) | |
| | ) | |
| Peter A. Nathan, | ) | Adv. No. 04 A 03906 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Banc America Auto Finance Corp., | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION

Debtor, Peter A. Nathan ("Nathan") filed a petition for relief under chapter 7 of the

Bankruptcy Code, 11 U.S.C. §§101 *et seq.*, on November 21, 2001. The case was a no-asset case

and he was granted a discharge on March 4, 2002. On January 6, 2004 Banc America Auto

Finance ("Banc") filed a civil suit in the Circuit Court of Cook County, claiming that Nathan was

indebted to the Banc for pre-petition activities allegedly sounding in conversion, among other

things ("State Court Complaint"). Nathan's bankruptcy schedules did not list the Banc as a

creditor because, Nathan alleges, he was not aware that such claims existed at the time. On

October 25, 2004, Nathan filed a complaint seeking a judgment declaring that the claims

contained in counts II and VI of the State Court Complaint were discharged by the discharge

order of March 4, 2002.

The parties appeared on August 2, 2005 for a status hearing and raised the question of

whether the Banc's claims of nondischargeability against Nathan are properly heard in the Circuit Court or in this court. The short answer is that this court has exclusive jurisdiction to hear the complaint.

The court has reviewed Counts II and VI of the State Court Complaint, which was attached as an exhibit to Nathan's complaint, and finds that facts are stated that would form the basis of a cause of action pursuant to §523(a)(2) of the Bankruptcy Code.

"If a debt falls within section 523(a)(2), ... it will not be discharged unless listed or scheduled in time to permit the creditor to receive notice of the deadline under Rule 4007(c) for the filing of a complaint to determine the dischargeability of the debt." Collier on Bankruptcy, para. 523.09[3][b] 15th ed. Rev.

Furthermore, the bankruptcy court has exclusive jurisdiction of dischargeability determinations under sections 523(a)(2), ... of the Bankruptcy Code. Collier on Bankruptcy para. 523.08[7] 15th ed. Rev.

For the foregoing reasons, the Banc will be enjoined from pursuing its claims against Nathan in the Circuit Court of Cook County and it shall be permitted to file a dischargeability complaint in this court pursuant to §523(a)(2) of the Bankruptcy Code. A separate order shall be entered.

**ENTERED:**

Date:  **October 18, 2005**

**John D. Schwartz**
**United States Bankruptcy Judge**